

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FILED
FEB 21 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

Carlos Ocampo

Plaintiff(s),

v. Timothy D. Sickmeyer &
Janel L. Forde

Defendant(s).

1:23-cv-01023
Judge Sara L. Ellis
Magisrate Judge Heather K. McShain
RANDOM

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Carlos Ocampo of the county of Cook in the state of Illinois.

3. The defendant is Timothy D. Sickmeyer, whose street address is 607 E. Adams Street, Suite 801, (city) Springfield (county) ______ (state) Illinois (ZIP) 62701

(Defendant's telephone number) (___) – ______

4. The plaintiff sought employment or was employed by the defendant at (street address) State of Illinois Department of Revenue (city) Chicago (county) Cook (state) Illinois (ZIP code) 60601

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [***check one box***]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) January, (day) 3, (year) 2022.

7.1 ***(Choose paragraph 7.1 or 7.2, do not complete both.)***

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☒*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

      (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)________ (day)______ (year)______.

      (ii) ☐ the Illinois Department of Human Rights, on or about (month)________ (day)______ (year)______.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_______________ (day)______ (year) ________

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)___________ (day) ________ (year) _________.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☒ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____________ (day)_______ (year)________ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.
    (b) ☒ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☒ failed to stop harassment;
    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) ☒ other (specify): Defendant Janel L Forde approved the Plaintiff's

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Discharge in her official capacity as director of the State of Illinois Department of Central Management Services. Defendant Timothy D. Sickmeyer upheld the discharge in his official capacity as chairman Of the State of Illinois Civil Service Commission.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The Plaintiff submitted complaints of systemic discrimination against Vincent Cacioppo with the Office of Executive Inspector General (OEIG). The State of Illinois Department of Revenue discharged the Plaintiff on March 23, 2022 for allegedly harassing Vincent Cacioppo with complaints of systemic discrimination against him with the OEIG. Director Janel L Forde approved the discharge on April 7 2022 and Chairman Timothy D Sickmeyer upheld the discharge with a final decision on July 21, 2022.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ Yes ☒ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): Rescind the discipline and discharge And make the plaintiff whole. Provide all relief under the State of Illinois Whistleblower Act including two times back pay. Provide relief for

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Emotional distress.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

Carlos Ocampo
(Plaintiff's signature)

Carlos Ocampo
(Plaintiff's name)

5220 South Kenwood Ave
(Plaintiff's street address)

(City) Chicago (State) Illinois (ZIP) 60615

(Plaintiff's telephone number) (773) – 558-6473

Date: February 20, 2023

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS (Eastern Division)

AFFIDAVIT

Case Title: Ocampo v. Sickmeyer et al

Case Number:

Assigned Judge:

Designated Magistrate Judge:

AFFIDAVIT

I certify that the following documents are complete, true, correct and exact copies issued to me.

1. January 3, 2022 email from Vincent Cacioppo,
2. Statement of Charges,
3. Approval from the Director of the State of Illinois Department of Central Management Services, and
4. July 21, 2022 Final Decision by the Chairman of the State of Illinois Civil Service Commission.

I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.

Respectfully submitted by,

Carlos Ocampo

-Carlos Ocampo, on February 20, 2023

**Sims, Ryan D.**

**From:** Ross, Patrick
**Sent:** Monday, January 3, 2022 9:51 AM
**To:** Sims, Ryan D.
**Subject:** FW: Harassment, Bullying & Intimidation

For your file

---

**From:** Cacioppo, Vince <Vince.Cacioppo@Illinois.gov>
**Sent:** Monday, January 3, 2022 9:45 AM
**To:** Kieffer, Jennifer R. <Jennifer.Kieffer@Illinois.gov>
**Cc:** Ross, Patrick <Patrick.Ross@Illinois.gov>; Nichelson, Jim <Jim.Nichelson@Illinois.gov>
**Subject:** Harassment, Bullying & Intimidation

Jennifer,

I drafted the below email to you (probably the last time we spoke) and did not send it for various reasons but probably should sent it now.

*Good afternoon Jennifer,*

*After thorough consideration and with much duress, I believe I am personally being subjected to continued harassment, bullying, defamation, and intimidation based in part on the following:*

- *Inappropriate, unprofessional, and threatening emails from Carlos Ocampo to me, who generally copies Lori Johnson-White and John Day on most all communications to me.*
- *The recent court case field against me alleging systemic discrimination.*
- *The OEIG Interview I had to undergo alleging my systemic discrimination by me on the Collections Geographical Transfer.*
- *The OEIG complaints filed directly against me by John Day directly targeting me. The OEIG complaints were all found without merit.*
- *My email being FOIA'd by these individual(s).*

*It is crystal clear these individuals are working in tandem to blemish my impeccable work career by routinely filing false allegations against me. When is this pattern going to end? I further believe this behavior is occurring against other Collection Managers in various degrees. I constantly worry about what is coming next. It is embarrassing to me and causes much anxiety. What is being done by the Department to end these false allegations targeting me based on my position?*

*Respectfully and sincerely,*

*Vince Cacioppo*

Vince Cacioppo, Chief of Enforcement, Audit/Collections
618-993-7662 Vince.Cacioppo@Illinois.gov
Revenue Website revenue.state.il.us

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff

**PRINTED** 03/21/2022 | 01 | **ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES** | 02
**PERSONNEL/POSITION ACTION FORM** SS #

## EMPLOYEE INFORMATION

| LAST NAME | FIRST | INIT | SEX | RACE | VET | EDUC | TIER 1/2 | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| OCAMPO | CARLOS | | M | S | N | 8 | 2 | 12/24/1981 |
| OCAMPO | CARLOS | | M | S | N | 8 | 2 | 12/24/1981 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE | NAT ORIG |
|---|---|---|---|---|---|
| [redacted] | CHICAGO | 016 | IL | 60629 | 128 |
| [redacted] | CHICAGO | 016 | IL | 60629 | 128 |

| PAY PLAN | PAY GRADE | PAY STEP | SALARY | PAY RATE | FULL/PT TIME | FUNDING | PAYROLL DEPT. | CODE | APPROP. | CORRECTED SOCIAL SECURITY NO. | BARGAINING UNIT CODE | PERF. CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B | 00 | 04 | $4,860.00 | M | F | 00 | 25 | 513 | | | RC-062 | |
| B | 00 | 04 | 4860.00 | M | F | 00 | 25 | 513 | | | RC-062 | |

| CONTINUOUS SERVICE DATE | SENIORITY/DATE | CREDITABLE SERVICE DATE | APPT. EXPIRATION DATE | STATUS | SUSPENSION/LOA RETURN DATE | APPT. REQ. NO. | DISABILITY |
|---|---|---|---|---|---|---|---|
| 11/18/2013 | 11/18/2013 | 12/01/2021 | | A | | | |
| 11/18/13 | 11/18/13 | 12/1/21 | | A | | | |

## POSITION INFORMATION

| POSITION TITLE (NAME) | POSITION NUMBER | EXMT CODE | WORK COUNTY | AH AUTH | AUDIT | POS DES COMP |
|---|---|---|---|---|---|---|
| REVENUE TAX SPECIALIST II OPT - SS | 38572-25-82-110-51-02 | 0 | 016 | | | |
| REVENUE TAX SPECIALIST II OPT - SS | 38572-25-82-110-51-02 | 0 | 016 | | | |

## TRANSACTION INFORMATION

| TRANSACTION NAME | TRANS CODE | EFFECTIVE DATE | PRIORITY |
|---|---|---|---|
| Discharge for Cause | BA122 | 04/08/2022 | 0 |

**CODES**

**STATUS**: A-CERTIFIED, B-PROB. 4 MOS, C-PROB. 6 MOS, D-PROVISIONAL, E-3 MONTH CERT, F-EXEMPT, G-TEMPORARY, H-EMERGENCY, I-8 MONTH CERT, J-TRAINEE, K-TRAINEE, L-TRAINEE, M-9 MONTH CERT, N-12 MONTH CERT, O-137 DAYS, P-18 MONTH (UMP), Q-INTERIM ASSIGN

**EXEMPT**: 0-NOT EXEMPT, 1-PRIVATE SECRETARY, 2-ADMINISTRATIVE HEAD, 3-POLICY MAKER, 4-UNSKILLED, 5-LIC. ATTORNEY, 6-OUT OF STATE, 7-TECH ADVSR WC COMM, 8-PARTIAL EXEMPTION, 9-PARTIAL EXMPT BY

Transactions MAR 2 4 2022

RECEIVED MAR 2 4 2022 CENTRAL MANAGEMENT SERVICES LABOR RELATIONS

**REMARKS**
Statement of Charges, CMS-201.
Pre-d held on 3/16/2022, Rebuttal received on 3/16/2022
MD
$4,860 + $243 BI. = $5,103

Agency Serv. _____
Payroll 3|24
Tkpg./Ins. _____
Liaison/Emp. _____
Other _____

EMPLOYEE SIGNATURE (REQUIRED ON VOLUNTARY ACTION) | DATE | AGENCY APPROVAL (OPTIONAL) | DATE
SIGNATURE OF PERSON SERVING SUSP/DISC | DATE | AGENCY BUDGETARY (OPTIONAL) | DATE
BY MAIL ☐ IN PERSON ☐
DIRECTOR OF CENTRAL MANAGEMENT SERVICES | DATE | AGENCY [signature] | DATE
Janel Forde By [signature] | 4/7/2022 | by Angela Mills | 3/23/22

March B



Office of Labor Relations | 101 West Jefferson, 5-380 | Springfield, IL 62702 | 217-785-6502

## STATEMENT OF CHARGES

NAME: Carlos Ocampo

TITLE: Revenue Tax Specialist II

AREA: Taxpayer Assistance Division

DATE: March 16, 2022

Carlos Ocampo, a certified Revenue Tax Specialist II, employed by the Illinois Department of Revenue, is charged with the following:

***Charge 1*:** **Conduct Unbecoming**

During the time period of March 2021 through February 2022, Carlos Ocampo's behavior in the program area, but also towards other employees within the Illinois Department of Revenue has been conducted in a manner which causes discord with fellow employees, and with his interaction with the public. Instances of such are:

- Making derogatory statements in the workplace regarding women's choice of clothing.
- Making demeaning statements regarding an employee's wife in the work area.
- Making statements out loud in the work area that people who he believed discriminated against him were fired or removed from their jobs because of Human Rights charges he filed as an attempt to intimidate, harass, and bully his supervisor and co-workers.
- Making statements out loud in the work area that he would monitor his co-workers to intimidate and bully his co-workers and subsequently he submitted emails to the Ethics Officer regarding his observations.
- While assisting taxpayers at his desk, Mr. Ocampo has gotten up and left the taxpayer prior to completing the assigned task and is frequently rude to taxpayers.
- Mr. Ocampo looks up taxpayer's personal addresses while assisting them which is outside his role as a Revenue Tax Specialist and inappropriate.
- Continuing to go to the front counter area in Taxpayer Assistance despite being given a directive by his supervisor to not do as such.
- Discussing his FOIA and OEIG complaints in the work area, while on work time, with the intention to intimidate his co-workers thereby creating a hostile work environment.

4/7/2022

Office of Labor Relations | 101 West Jefferson, 5-380 | Springfield, IL 62702 | 217-785-6502

- Sending multiple emails to multiple recipients which included officers of the Governor's Office that contained numerous unsupported and unsubstantiated allegations against IDOR employees and included inappropriate pictures of his vomit in a toilet bowl with blood in it and blood on snow.
- Filing unsupported complaints against his supervisors when they attempted to give direction, improve his performance, correct his behavior, or impose discipline.
- Making statements out loud in the workplace that if he goes down as part of this investigation, he will take others with him.

***Charge 2:*** **Misuse of State Time, Misuse of State Equipment**

During the time period of March 2021 through February 2022, Carlos Ocampo misused state time by engaging in behavior in the work area that was not considered essential functions of his position with the Illinois Department of Revenue. Instances of such are:

- While on State time, Mr. Ocampo filed unsupported complaints against various members of management and co-workers using state resources to do so.
- While on State time, Mr. Ocampo sent multiple emails to the Governor's Office, Department of Revenue members, various state agencies and various media outlets making malicious statements about Department of Revenue employees without any supporting information or evidence. In some instances, these emails contained racially insensitive remarks, inappropriate photos, and disparaging comments in an attempt to harm or destroy the reputation of fellow State employees.

***Charge 3:*** **Harassment**

During the time period of February 2021 through February 2022, Carlos Ocampo, while on State time, after working hours and while on Administrative Leave, engaged in harassment of co-workers, and various members of management. Instances of such are:

- Took it upon himself to remove a former co-worker's name from various work-related documents and from a white board in the program area and replaced their name with his own as a statement of victory by Mr. Ocampo due to his behavior towards that employee as the cause for their transfer to another facility.
- Sending an employee, C.T., emails on or about March 15, 2021, and copying management on them, accusing the employee, without

JF BG OO 4/7/2022



ILLINOIS REVENUE

Office of Labor Relations | 101 West Jefferson, 5-380 | Springfield, IL 62702 | 217-785-6502

evidence, of being part of a conspiracy to follow him outside of the workplace.

- Immediately upon Mr. Ocampo's supervisor providing Mr. Ocampo with direction on October 13, 2021, Mr. Ocampo filed an email complaint with the Ethics Officer and copied his supervisor with the intent to intimidate and harass her. The supervisor felt his actions interfere with her ability to effectively supervise without fear of retaliation.
- An Internal Affairs Officer notified Mr. Ocampo via email on October 13, 2021, that an interview with Mr. Ocampo was necessary. Shortly after receiving this request Mr. Ocampo filed a complaint with the OEIG and notified the Internal Affairs Officer that a complaint was filed against him.
- On October 14, 2021, Mr. Ocampo sent an email to the Illinois Department of Human Rights and copied the Internal Affairs Officer and his supervisor in an attempt to harass both.
- On December 9, 2021, Mr. Ocampo intended to harass and intimidate the Chief of Internal Affairs while being escorted to a conference room stating that the Chief would likely "plead the 5th" if interviewed by OEIG and then stated, "good luck with the OEIG investigation."
- In March of 2021, Mr. Ocampo was instructed to no longer copy the subject or target of his complaints on his emails with the corresponding complaint included. Mr. Ocampo was cautioned it could be seen as harassing and/or bullying. Mr. Ocampo continued this behavior until being placed on Administrative Leave in October of 2021. Mr. Ocampo continued to send emails copying V.C. and P.R. on complaints about them to various state agencies and media throughout December 2021, January 2022, and February 2022.
- Mr. Ocampo participated in a meeting with his Program Administrator in June of 2021, where the Personal Services Program was recommended to Mr. Ocampo. Mr. Ocampo subsequently filed a complaint against his Program Administrator in an attempt to harass and retaliate against the Program Administrator.
- Mr. Ocampo was meeting with his Division Manager in October 2021, and was issued a counseling during that meeting. Mr. Ocampo subsequently filed a complaint against his Division Manager in an attempt to harass and retaliate against the Division Manager.
- Mr. Ocampo has sent multiple emails to the Governor's Office, Department of Revenue members, various State Agencies and the

JF BJ [initials] 4/7/2022



Office of Labor Relations | 101 West Jefferson, 5-380 | Springfield, IL 62702 | 217-785-6502

media accusing two Program Administrators with the Department of Revenue of conspiring with the mafia and of orchestrating personal attacks on Mr. Ocampo, including attempts to poison him, outside the workplace. Mr. Ocampo has made these malicious statements about these two Program Administrators without any supporting information or evidence in an attempt to harass them, harm or destroy their reputations.

- Throughout his time in the Taxpayer Assistance Division, including the duration of 2021 up to and including October 2021, Mr. Ocampo engaged in a pattern of behavior with numerous employees that have resulted in his co-workers feeling harassed by his behavior of monitoring, making loud statements alleging misconduct, declaring his complaints in the work area on work time, and threatening to make complaints against various co-workers and members of management.

As a result of his conduct, Carlos Ocampo violated the following rules, regulations, policies, and procedures:

1. IDOR Administrative Directive 5.1.A.4, Severe acts of discrimination, harassment or bullying.
2. IDOR Administrative Directive 5.1.B.2; Disorderly conduct during working time or on State premises, including fighting, threatening, coercing, or abusing any person by word or act and engaging in, instigating or causing any interruption or impediment of work.
3. IDOR Administrative Directive 5.1.B.16; Knowingly making any substantial misrepresentation of fact to any department supervisor or manager.
4. IDOR Administrative Directive 5.1.B.20; Incompetency or inefficiency in the performance of a duty or inattention to or failure to perform a duty.
5. IDOR Administrative Directive 5.1.B.21; Insubordination by disobedience to any lawful order or directive or disrespect toward a supervisor or manager.
6. IDOR Administrative Directive 5.1.B.26; Making a false report of misconduct, wrongdoing or injury.
7. IDOR Administrative Directive 5.1.B.31; Failing to cooperate with any investigation.
8. IDOR Administrative Directive 5.1.B.32; Unlawful or improper conduct off Department premises or during nonworking hours that affects the employee's relationship to the job, fellow employees, supervisors, or to the Department's reputation or goodwill in the community.
9. IDOR Administrative Directive 5.1.B.33; Restricting production or interfering with the performance of other employees' jobs, or engaging or participating in any

4/1/2022

ILLINOIS REVENUE
Office of Labor Relations | 101 West Jefferson, 5-380 | Springfield, IL 62702 | 217-785-6502

interruption of work or production, e.g., harassment, unlawful discrimination, slowdowns, purposeful destruction of property, etc.

10. IDOR Administrative Directive 5.1.B.34; Use of abusive, threatening or obscene language.
11. IDOR Administrative Directive 5.2; Employment Discrimination and Harassment Prevention.
12. IDOR Administrative Directive 5.3; Prohibition Against Retaliation.
13. IDOR Administrative Directive 5.4; False Statements/False Reports.
14. IDOR Administrative Directive 5.12; Prohibition on Bullying and Workplace Violence.
15. IDOR Administrative Directive 5.13; Conduct Unbecoming an Employee.
16. IDOR Administrative Directive 5.14; Dishonesty, Misleading Information or Untruthfulness.
17. IDOR Administrative Directive 6.9; Electronic Mail (email)
18. State of Illinois Code of Personal Conduct; Insubordination.
19. State of Illinois Code of Personal Conduct; Disruptive Conduct.
20. State of Illinois Code of Personal Conduct; Conduct Unbecoming of a State Employee.
21. State of Illinois Code of Personal Conduct; Threatening Words or Actions.
22. State of Illinois Code of Personal Conduct; Retaliation.
23. State of Illinois Code of Personal Conduct; False Statement.

Prior Administrative Action:

| | | |
|---|---|---|
| 01/05/2018 | Oral Reprimand | Affirmative Attendance |
| 08/06/2018 | 2nd Written Reprimand | Affirmative Attendance |
| 09/05/2018 | Oral Reprimand | Tardiness |
| 09/14/2018 | 1-Day Suspension (paper) | Affirmative Attendance |
| 03/18/2019 | 7-Day Suspension (paper) | Affirmative Attendance |
| 12/09/2019 | 10-Day Suspension (paper) | Affirmative Attendance |
| 06/03/2020 | 1-Day Suspension | Insubordination/Conduct |

4/7/2022



ILLINOIS JB Pritzker, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Janel L. Forde, Director

ILLINOIS DEPARTMENT OF REVENUE

vs.

Carlos Ocampo

NOTICE OF THE APPROVAL OF WRITTEN CHARGES BY
THE DIRECTOR OF CENTRAL MANAGEMENT SERVICES

You are hereby notified that the written charges by the above listed DEPARTMENT dated March 23, 2022 seeking your:

__X__ Discharge ____ Demotion ____ Suspension for more than 30 days in a 12-month period as an employee of said DEPARTMENT are herewith approved by the Director of Central Management Services of the State of Illinois, pursuant to 20 ILCS 415/9 (5).

According to our records, your position is subject to the RC062 collective bargaining agreement providing for the grievability of the action taken against you. If you wish to grieve this action you should contact your grievance representative immediately to apprise him or her of your wishes.

You are also notified that should you wish to appeal these charges instead of grieving them, you may make written request to the Civil Service Commission, State of Illinois, Springfield, Illinois, on the enclosed form to be received by that Commission within 15 days following receipt of this notice.

PLEASE NOTE, HOWEVER, THAT IF YOU APPEAL THIS ACTION TO THE CIVIL SERVICE COMMISSION, THE GRIEVANCE PROCEDURE MAY NOT BE AVAILABLE TO YOU, AND YOU SHOULD CONSULT WITH YOUR GRIEVANCE REPRESENTATIVE, AND/OR YOUR APPLICABLE COLLECTIVE BARGAINING AGREEMENT.

You are further notified that if your charge(s) is for a violation of the State Officials and Employees Ethics Act, pursuant to 5 ILCS 430/20-55(d), you may appeal that charge(s) to the Executive Ethics Commission. You may make written request to the Executive ETHICS Commission following receipt of this notice to: 401 S. Spring St., 513 Wm. Stratton Building, Springfield, IL 62706.

Approved and served this date: April 7, 2022.

DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
State of Illinois

By Janel Forde By [signature]

715 Stratton Office Building, 401 South Spring Street, Springfield, IL 62706
CMS-10D (rev. 2/10) IL 401-1236
*Printed on Recycled Paper*

BEFORE THE CIVIL SERVICE COMMISSION, STATE OF ILLINOIS

ILLINOIS DEPARTMENT OF REVENUE, )
)
Petitioner, )
)
v. ) DA-25-22
)
CARLOS OCAMPO, )
)
Respondent. )

**FINDING AND DECISION OF THE COMMISSION**

The undersigned, having read the Proposal for Decision of the Administrative Law Judge dated July 8, 2022, and the Respondent's response thereto, hereby affirm and adopt said proposal and certify it to the Director of the Illinois Department of Central Management Services for enforcement.

**Finding**: It is hereby determined that the written charges for discharge approved by the Director of the Illinois Department of Central Management Services have been partially proven and warrant discharge for the reasons set forth in the Proposal for Decision.

**Decision**: The undersigned approve the Proposal for Decision to discharge Respondent.

Timothy D. Sickmeyer, Chairman

G.A. Finch, Commissioner

David Luechtefeld, Commissioner

Vivian Robinson, Commissioner

Entered this 21st day
of July 2022

Teresa C. Smith, Commissioner

This decision now constitutes a final administrative decision, which may not be reopened or further reviewed by this Commission. Decisions of the Commission may only be reviewed under the provisions of the Administrative Review Law (735 ILCS 5/3-101, et seq.). Commission rules do not allow or require any motion or request for reconsideration. The following is a list of all parties of record to the appeal including the name and address of the Commission and the addresses of each party as known to the Commission where the parties may be served with pleadings, notices, or service of process for any review or further proceedings.

Addresses of the Parties:

State of Illinois Civil Service Commission
607 E. Adams Street, Suite 801
Springfield, IL 62701

Illinois Department of Revenue
Willard Ice Building
101 W. Jefferson St
Springfield, IL 62702

Carlos Ocampo
5220 South Kenwood Ave. #108
Chicago, IL 60615

Your request for administrative review must be filed within 35 days from the date a copy of this decision is served upon you.